**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**LINDA F. HORTON**                                                              **PLAINTIFF**

**VS.**                                                                **CAUSE NO. 1:12CV00175-JMV**

**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

**FINAL JUDGMENT**

Pursuant to a hearing held before the undersigned United States Magistrate Judge, the court has determined that this case should be remanded to the Commissioner of Social Security for additional proceedings.

The court finds that the Commissioner's decision is not supported by substantial evidence in the record. Specifically, the ALJ assigned the claimant an RFC which included the ability to "frequently finger" despite the fact that the claimant's treating physician, Dr. Neil Sloan, in a 2009 Medical Source Statement, indicated that the claimant could only rarely (during an eight-hour workday) perform fine manipulations with her fingers, and no other examining or treating physician expressed an opinion with regard to the extent of the claimant's ability to finger during an eight-hour workday. Additionally, though the Medical Source Statements of both Dr. Sloan and Dr. Elizabeth Webb indicate the claimant required a sit/stand option, the ALJ failed to explain her reason(s) for not including the same in the claimant's RFC.

On remand, the ALJ is directed to reconsider the claimant's RFC with regard to her ability to "finger" or perform fine manipulations with the fingers. Specifically, the ALJ should

recontact Dr. Webb and request that she express an opinion with regard to the extent of the claimant's ability to finger or perform fine manipulations with the fingers during an eight-hour workday. Additionally, the ALJ shall consider the claimant's need for a sit/stand option. Finally, the ALJ shall obtain supplemental vocational expert testimony on the issue of whether there are other jobs the claimant can perform considering her RFC and all other relevant factors. Ultimately, the ALJ shall consider all of the evidence in the record in order to determine whether the claimant is disabled.

The parties, having consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED AND REMANDED** to the Commissioner for further proceedings as set out above.

**THIS** 20th day of March, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE